RAPAPORT LAW FIRM, PLLC
Marc A. Rapaport
350 FIFTH AVENUE, SUITE 4400
NEW YORK, NEW YORK 10118
Telephone: (212) 382-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEJANDRO ARMAS and RUBEN MARTINEZ
individually, and on behalf of all others                          Case No.:
similarly situated,

                      Plaintiffs,                                    **CLASS/COLLECTIVE
                                                                  ACTION COMPLAINT**

SKYC MANAGEMENT LLC a/k/a GREISMAN
MANAGEMENT and a/k/a B. GREISMAN
REALTY, 161 HOLDING LTD, SHIMON
GREISMAN, and GARY GARTENBERG, POST
LLC; ABBY ASSOCIATES; 2275 HOLDING LTD;
22 HOLDING CORP.; CHAMA HOLDING CORP.;
346 HOLDING CORP.; STEB REALTY CORP.; 674
HOLDING LTD; 666 HOLDING LLC; 116 WEST
CORP.; DBPB HOLDING CORP.; HELBOR
REALTY CORP.; BRAGREIS REALTY CORP.;
S&S GROUP HOLDINGS, LLC; BRONX RIVER
ASSOC. LLC; WALTON AVENUE REALTY
ASSOC LLC; TOWNSEND AVENUE REALTY
LLC; 1820 HOLDING LTD.; HENNESSY REALTY
LLC; GLEASON LLC; 2246 HOLDING CORP.;
2188 REALTY LTD; 2195 GRAND CONCOURSE
REALTY LLC; 2472 WEBSTER REALTY LLC;
2281-85 REALTY LLC; 2395-97 REALTY LLC;
UNIVERSITY REALTY HOLDINGS LLC; 2522
REALTY LLC; AND HEIGHTS REALTY CO. LLC.

                      Defendants.

------------------------------------------------------------X

       Representative Plaintiffs ALEJANDRO ARMAS and RUBEN MARTINEZ,

individually and on behalf of all others similarly situated, as class representatives, upon

personal knowledge as to themselves and upon information and belief as to other matters, by

their attorneys, RAPAPORT LAW FIRM, PLLC, as and for their Complaint, allege as

follows:

## PRELIMINARY STATEMENT

1.      The Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "New York Class") who are, or have been, employed by the Defendants as Superintendents in 41 apartment buildings (the "Buildings") throughout Manhattan and the Bronx within the applicable statutory periods.

2.      Upon information and belief, the Defendants have employed at least fifty (50) individuals who, have claims that involve identical legal issues and virtually identical facts as the Representative Plaintiffs. The Buildings that are the subject of this Complaint, and which constitute the buildings that are managed, owned and/or controlled by Defendants as a single enterprise[1] are listed in **Schedule A** hereto.

3.      This is a class/collective action, seeking unpaid wages, including minimum wage and unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

4.      This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142).

---

[1] As set forth herein below, the enterprise is referred to in this Complaint as the "Greisman Enterprise", and it consists of residential buildings located principally in Washington Heights and the Bronx, which, uniformly have either "Shimon Greisman" and/or "Boruch Greisman" designated as their CEO and/or "head officer" in their mandatory NYC Department of Housing Preservation & Development filings ("HPD records"), and are all under the unified management, control and beneficial ownership of the Defendants for a common business purpose, and thus constitute an enterprise within the meaning of section 3(r) of the FLSA.

5.      The "FLSA Class" period is designated as the time from August 11, 2011, through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been willful and ongoing since at least the foregoing dates.

6.      The "New York Class" period is designated as the time from August 11, 2008 through the trial date, based upon the allegation that the violations of New York's wage and hour laws, as described more fully below, have been ongoing since that time.

7.      During the FLSA Class period, Defendants had policies of encouraging, and/or requiring its employees, including Representative Plaintiffs and members of the FLSA Class, to work in excess of forty (40) hours per week, at rates of pay substantially and unconscionably below minimum wage, and without paying them overtime compensation as required by the FLSA.

8.      During the New York Class period, Defendants had an unlawful policy of deducting from wages paid in violation of NYLL.

9.      The Defendants unlawfully deducted substantial sums from the wages of the Superintendents whom they employed.  Among other unlawful deductions:

(a) The Defendants required the Representative Plaintiffs and members of both Classes, as a condition of their continued employment, to make periodic payments for laborers (commonly known as building porters) who would assist with tasks such as taking out garbage, in violation of Section 141-2.10 of the regulations promulgated by the New York State Department of Labor for the building service industry.  12 N.Y.C.R.R. § 2.10.

(b) The Defendants maintained a draconian and utterly unlawful policy (in writing) that required the Representative Plaintiffs and members of both Classes to "pay any costs, fines and penalties involved" in connection with oil deliveries to buildings unless the Superintendents precisely complied with a  full-page list of rules pertaining to oil deliveries, in violation of Section 141-2.10 of the regulations promulgated by the New York State Department of Labor for the building service industry (12 N.Y.C.R.R.  § 141-2.10).

(c) The Defendants unlawfully required Superintendents to pay for various tools, even though such tools were solely for the benefit of the Defendants, in violation of Section 141-1.9 of the Rules promulgated by the New York State Department of Labor for the building service industry.  12 N.Y.C.R.R. § 141-1.9.

3

(d) The Defendants unlawfully required Superintendents to pay for all and/or a substantial portion of work-related cell phone expenses, in violation of Section 141-2.10 of the regulations promulgated by the New York State Department of Labor for the building service industry. 12 N.Y.C.R.R. § 2.10(a).

(e) The Defendants unlawfully required Superintendents to pay for all and/or a substantial portion of work related transportation expenses, in violation of Section 141-2.10 of the regulations promulgated by the New York State Department of Labor for the building service industry. 12 N.Y.C.R.R. § 2.10(a).

(f) The Defendants would unlawfully withhold wages from Superintendents at their whim and/or as punishment and/or to bully the Superintendents into submission.

10. The Defendants' foregoing threats to deduct wages, as well as the unlawful deductions themselves, were not isolated and/or sporadic incidents. Rather, threats of wage deductions and actual wage deductions were commonplace. The Superintendents, who were (and are) largely non-English speaking immigrants with little or no familiarity with the American legal system were compelled by the Defendants to endure such deductions as a condition of their employment.

11. At all relevant times, the Defendants' unlawful policies, patterns, and practices have been willful.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

13. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District, and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly

situated within the State of New York and within this judicial district. Defendants operate facilities and have employed numerous Class Members in this judicial district.

14.     This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

*Plaintiffs:*

15.     Representative Plaintiff ALEJANDRO ARMAS ("Armas") is an adult, natural person who resides in the City, County and State of New York.

16.     From 2012 to 2013, Mr. Armas was employed as a Superintendent at 657 West 161st Street, New York, NY 10032 ("657 West 161st"), one of the Buildings owned and/or controlled by the Greisman Enterprise, in which capacity he was required to remain on-call at the premises at virtually all times, and his work weeks would average 126 hours.

17.     Representative Plaintiff RUBEN MARTINEZ ("Martinez") is an adult, natural person who resides in the City, County and State of New York.

18.     From 1992 to 2012, Mr. Martinez was employed as a Superintendent at 657 West 161st, in which capacity he was required to remain on-call at the premises at virtually all times, and his work weeks would average 126 hours.

19.     The Representative Plaintiffs Armas and Martinez were repeatedly paid substandard wages insofar as they were: (a) denied full pay for all hours worked, including overtime pay in violation of the FLSA; (b) not paid overtime compensation despite working substantially more than 40 hours per workweek in violation of the FLSA; and (c) subjected to

unlawful wage deductions reimbursed for the cost of paying, out of their own wages, payments to building porters/assistants; cost of tools and supplies; cellular phone expenses; transportation expenses; and penalties/deductions for various conduct that was deemed, by the Greisman Enterprise, to constitute infractions of work rules, in violation of NYLL and the FLSA.

20.     Plaintiffs are covered employees within the meaning of the FLSA and NYLL.

21.     As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Classes" refer to the named Plaintiffs herein as well as each and every person eligible for membership in the Plaintiff Classes, as further described and defined below.

22.     At all times herein relevant, the Representative Plaintiffs were, and now are, persons within each of the Classes of persons further described and defined herein.

23.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their written consent forms are attached hereto and incorporated by reference.

*Corporate Defendants:*

24.     Upon information and belief, at all times herein relevant, SKYC Management a/k/a Greisman Management and a/k/a B. Greisman Realty is a New York corporation doing business in the County of Kings, State of New York.

25.     Upon information and belief, individual defendant Greisman holds the title of "Chief Executive Officer" and/or serves as the most senior corporate officer and/or managing member of all the entities that comprise the Greisman Enterprise, including, but not limited to: SKYC; 161 Holding Ltd.; Post LLC; Abby Associates; 2275 Holding Ltd; 22 Holding Corp.; Chama Holding Corp.; 346 Holding Corp.; Steb Realty Corp.; 674 Holding Ltd; 666 Holding LLC; 116 West Corp.; DBPB Holding Corp.; Helbor Realty Corp.; Bragreis Realty Corp.; S&S Group Holdings, LLC; Bronx River Assoc. LLC; Walton Avenue Realty Assoc LLC; Townsend Avenue Realty LLC; 1820 Holding Ltd.; Hennessy Realty LLC; Gleason

LLC; 2246 Holding Corp.; 2188 Realty Ltd; 2195 Grand Concourse Realty LLC; 2472
Webster Realty LLC; 2281-85 Realty LLC; 2395-97 Realty LLC; University Realty
Holdings LLC; 2522 Realty LLC; and Heights Realty Co. LLC. (*See* **Schedule A**).

26. Upon information and belief, at all times herein relevant, the foregoing
entities (listed in ¶ 25 hereinabove) that comprise the Greisman Enterprise are corporations
organized under the laws of the State of New York, and they all have their principal place of
business at 1419 60th Street, Brooklyn, New York 11219.

27. The Greisman Enterprise, and the corporate entities of which it is comprised
(as set forth in ¶ 25 hereinabove), constitute an integrated enterprise, with common
management, control, personnel policies, ownership, and inextricably intertwined operations
and functioning.

28. Upon information and belief, the Buildings and entities that are controlled by
the Greisman Enterprise (to wit, the entities listed hereinabove at ¶ 25) operate under
common ownership, with shared management, employees, policies and procedures, in
particular the policies and procedures relating to the unlawful conduct complained of herein.

29. Upon information and belief, SKYC is a corporation duly organized under the
laws of the State of New York, with a principal address for the conduct of business at 1419
60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies,
wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25
hereinabove, that comprise the Greisman Enterprise.

30. Upon information and belief, 161 Holding Ltd. is a corporation duly
organized under the laws of the State of New York, with a principal address for the conduct
of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management,
personnel policies, wage policies, and ownership are interrelated with the other entities, set
forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

31.     Upon information and belief, Post LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

32.     Upon information and belief, Abby Associates is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

33.     Upon information and belief, 2275 Holding Ltd is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

34.     Upon information and belief, 22 Holding Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

35.     Upon information and belief, Chama Holding Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

36.     Upon information and belief, 346 Holding Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

37.     Upon information and belief, Steb Realty Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

38.     Upon information and belief, 674 Holding Ltd is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

39.     Upon information and belief, 666 Holding LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

40.     Upon information and belief, 116 West Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

41.     Upon information and belief, DBPB Holding Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

42.     Upon information and belief, Helbor Realty Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

43.     Upon information and belief, Bragreis Realty Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

44.     Upon information and belief, S&S Group Holdings, LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

45.     Upon information and belief, Bronx River Assoc. LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

46.     Upon information and belief, Walton Avenue Realty Assoc  LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

47.     Upon information and belief, Townsend Avenue Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

48.     Upon information and belief, 1820 Holding Ltd. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

49.     Upon information and belief, Hennessy Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

50.     Upon information and belief, Gleason LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

51.     Upon information and belief, 2246 Holding Corp. is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

52.     Upon information and belief, 2188 Realty Ltd is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

53.     Upon information and belief, 2195 Grand Concourse Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

54.     Upon information and belief, 2472 Webster Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

55.     Upon information and belief, 2281-85 Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

56.     Upon information and belief, 2395-97 Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

57.     Upon information and belief, University Realty Holdings LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

58.     Upon information and belief, 2522 Realty LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

59.     Upon information and belief, Heights Realty Co. LLC is a corporation duly organized under the laws of the State of New York, with a principal address for the conduct of business at 1419 60th Street, Brooklyn, New York 11219, and its operations, management, personnel policies, wage policies, and ownership are interrelated with the other entities, set forth in ¶ 25 hereinabove, that comprise the Greisman Enterprise.

60.     The Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce.  The enterprise has an annual gross volume of sales made or business done in an amount not less

than $500,000. Therefore, the employees are employed in an enterprise engaged in commerce within the meaning of section (3)(s)(1)(A) of the FLSA.

61.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, operating a group of forty-one (41) apartment buildings under different corporate names. The Corporate Defendants operate as a single enterprise out of a single location. Employees are freely interchangeable and, upon information and belief, the Defendants engage in the same wage and hour practices, and all employees are paid by the same methods.

### *Individual Defendants*

*Shimon Greisman*

62.     Upon information and belief, Greisman is the legal owner of SKYC and the other entities the comprise the Greisman Enterprise.

63.     Upon information and belief, Greisman exercised operational control of SKYC and the entities that comprise the Greisman Enterprise, and he was (and continues to be) responsible for the unlawful conduct complained of herein.

*Gary Gartenberg*

64.     Gartenberg is an individual who, upon information and belief, has an office address at 1419 60th Street, Brooklyn, New York 11219, and resides at 8 Villa Ln. Monsey, New York 10952.

65.     Gartenberg exercised control over the operations of SKYC, 161 Holding Ltd., and the Buildings; and Gartenberg was personally responsible for, and involved in the wage violations.

66.     Gartenberg managed and supervised Armas, Martinez, and members of the Plaintiff Classes.

14

67.     Upon information and belief, Gartenberg has described his role within the Greisman Enterprise as that of "service manager", and he is a shareholder and officer of one or more of the entities that comprise the Greisman Enterprise, which are set forth hereinabove at ¶ 25.

68.     Upon information and belief, Gartenberg oversees the Superintendents and the finances of the Buildings, including financial matters involving payment of wages (and unlawful deductions from wages) with respect to Superintendents.

69.     Gartenberg was involved in and responsible for egregious violations of wage laws that were committed by the Defendants herein, including, but not limited to, the policy of requiring Superintendents to pay, from the their personal funds, work-related expenses that benefitted the Defendants, such as remuneration to porters. As direct supervisors of Superintendents, Gartenberg observed the porters working alongside the Superintendents on a weekly basis. Gartenberg was aware of and implemented the Greisman Enterprises' unlawful policy of requiring Superintendents to endure deductions from their wages to cover expenses.

70.     Greisman and Gartenberg exercise sufficient control of the Greisman Enterprise to be considered Plaintiffs' employers under the FLSA and NYLL.  Additionally, upon information and belief, Defendants Greisman and Gartenberg are liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630.

71.     Upon information and belief, SKYC, 161 Holding LTD, and the entities (listed hereinabove at ¶ 25) that hold title to the Buildings operate under common ownership, and the Defendants share employees, the buildings are managed by the same individuals, and the Defendants subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint. Defendants own,

operate, and control the Greisman Enterprise as one interrelated and unified operation (defined herein in ¶ 25).

## CLASS ACTION ALLEGATIONS

72.     The Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

*FLSA Class:*

73.     The FLSA Class refers to all persons who are, or have been, employed as Superintendents at buildings owned, controlled and/or managed by Defendants at any New York location who elect to opt-in to this action (the "FLSA Collective Plaintiffs") from August 11, 2011 to present.

74.     This action claims that Defendants violated the wage and hour provisions of FLSA by depriving Plaintiffs, as well as others similarly situated to named Plaintiffs, of their lawful wages.  Upon information and belief, there are many similarly situated current and former Superintendents of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

75.     The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

*The New York Class – Rule 23 Class Allegations:*

76.     The New York Class persons who are, or have been, employed as Superintendents at buildings owned, controlled and/or managed by Defendants at any New York location who elect to opt-in to this action (the "FLSA Collective Plaintiffs") from August 11, 2008 to present.

77. The Rule 23 Class Members are readily ascertainable. The number and identity of the Rule 23 Class Members are determinable from the records of Defendants. The positions held, and nature and extent of certain unlawful deductions from wages are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

78. The Defendants, their officers, and directors are excluded from the Classes.

79. This action has been brought and may properly be maintained as a class/collective action under Fed.R.Civ.P. Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members exceeds fifty individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

b. Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Fed.R.Civ.P. Rule 23(b)(3) and 29 U.S.C. §216(b). These common questions include, but are not necessarily limited to:

  i.  Whether Defendants violated the FLSA by failing to pay the basic minimum hour wage rate to individuals employed as Superintendents;

  ii.  Whether Defendants violated the FLSA by failing to pay overtime compensation to individuals employed as Superintendents who worked in excess of 40 hours per week;

  iii.  Whether Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA in any area where Plaintiffs and Collective Action Members are/were employed, in violation of C.F.R. § 516.4;

  iv.  Whether Defendants violated FLSA by failing to properly record the number of hours worked daily and weekly by individuals employed as Superintendents;

  v.  Whether Defendants violated the FLSA and/or New York Laws (New York Labor Law § 190, *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 141,14) by taking unlawful deductions in wages from individuals employed as Superintendents, by requiring them to pay the cost of tools, supplies, and cellular phones which were required for the maintenance of the buildings and salaries of building porters without reimbursement; and

  vi.  The nature and extent of class wide injury and the measure of damages for those injuries.

  c.  <u>Typicality</u>: The Representative Plaintiffs claims are typical of the claims of the Plaintiff Classes. The Representative Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by

Defendants' common course of conduct in violation of state and federal law, as alleged herein.

       d.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendants, in refusing to pay minimum wage and/or overtime to the FLSA Class Members and unlawfully deducting sums from wages payable to the New York Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, Class certification is proper under Fed.R.Civ.P. Rule 23(b)(2) and 29 U.S.C. § 216(b).

       e.    <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Classes, in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Classes and the Representative Plaintiffs have the same interests in the litigation of this case as the Class Members. The Representative Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in employment litigation of this nature.

The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

## COMMON FACTUAL ALLEGATIONS

80.     As described herein, Defendants have, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including minimum wage and premium (overtime) wages due, under the FLSA (29 U.S.C. §§ 206 and 207), and unlawfully deducted sums from wages in violation of the New York Wage Payment Act, Labor Law § 190, *et seq.*, the New York Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. Among other means, Defendants engaged in unlawful business practices requiring employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation. In addition, Defendants took unlawful deductions from the Representative Plaintiff's wages, by requiring them to pay the cost of tools, supplies, and cellular phones which were required for the maintenance of the buildings and payments to porters without reimbursement or salary adjustment.

81.     Defendants employed Superintendents in each building and instructed the Superintendents to utilize porters to assist the Superintendents in the maintenance of the Greisman Enterprise.  Payments to porters were deducted from Superintendents' wages.

82.     Upon information and belief, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the FLSA Class members within the meaning of the FLSA.

84.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the New York Class members within the meaning of the NYLL, §§ 2 and 651.

85.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

86.    Upon information and belief, at all relevant times, the Greisman Enterprise has had gross revenues in excess of $500,000.00.

*Defendants Constitute Joint Employers*

87.    The number of buildings that the Greisman Enterprise has acquired and/or controlled has increased. However, the Representative Plaintiffs are informed and believe that, the Greisman Enterprise has remained constant over a period of years, continuing to the present, namely:

(a) Ultimate control of buildings that are acquired by the Greisman Enterprise is exercised by a male member of the Greisman family. Initially, such control was exercised by Baruch Greisman a/k/a/ Boruch Greisman. Today, the enterprise is under the control of Shimon Greisman;

(b) Baruch Greisman a/k/a Boruch Greisman and/or Shimon Greisman is Chief Executive Officer (CEO) and/or managing member of each entity that holds title to the individual buildings;

(c) Though the buildings are titled in different corporate names, Baruch Greisman a/k/a Boruch Greisman and Shimon Greisman have substantial ownership interests in each such entity;

(d) All buildings of the Greisman Enterprise have the same entity serving as their managing agent. Today, that entity goes by the name of "SKYC Management"; and

(e) The Greisman Enterprise has consistently exhibited disregard for the legal and human rights of the largely low-income and immigrant individuals who live and/or work in the Buildings that the Greisman Enterprise controls. With respect to porters, the Greisman Enterprise's callous disregard has entailed, *inter alia*, gross and willful disregard for the rights of the porters to receive minimum wage and/or overtime remuneration in the amounts provided for under the FLSA, as well as willful refusal to pay wages for work performed.

21

88.     Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs.

89.     Defendants have an economic interest in the Buildings.

90.     Defendants each had either functional and/or formal control over terms and conditions of work and over the policies and practices with respect to the employment and compensation of Plaintiffs.

91.     Defendants employ or employed Plaintiffs, and are or were Plaintiffs employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

92.     Upon information and belief, the Corporate Defendants are either alter egos of themselves, and/or the Corporate Defendants failed to operate as entities legally separate and apart from themselves by, among other things:

    (a) Failing to adhere to the corporate formalities necessary to operate Corporate Defendants as corporations;

    (b) Defectively forming or maintaining corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) Transferring assets and debts freely as between all Corporate Defendants;

    (d) Operating Corporate Defendants for their own benefit and maintaining control over these corporations as close corporations;

    (e) Intermingling assets and debts of their own with Corporate Defendants and diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

    (f) Other actions evidencing a failure to adhere to the corporate form.

93.     Upon information and belief, Defendants run the business of all of the Greisman Enterprise as one operation, and Defendant's operations were interrelated and united.

94.     Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

95.     Upon information and belief, Defendants knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiffs and similarly situated employees through the onsite supervision of manager and Defendant Gartenberg.

### (a) ALEJANDRO ARMAS

96.     Mr. Armas worked as the Superintendent of 657 West 161st St., from April, 2012 until his termination on or about December 1, 2013.

97.     Mr. Armas' routine responsibilities as superintendent included, among other things, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, weekly recycling, weekly garbage, cleaning the elevator hold, showing vacant apartments, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, communicating with contractors, and allowing emergency responders, including police, ambulance and fire personnel, into the building, at all hours of the night and day.

98.     In addition to the foregoing, Mr. Armas also performed extensive work involving renovation of apartments in the Building, including, among others, apartments 4G, 2F, and 6A, for which he was not fully compensated and required to expend personal funds to pay for assistants and laborers.

99.     Mr. Armas was required to be on call at or near 657 West 161st Street, 24 hours per day, seven days a week, including holidays to address reoccurring emergent issues, such as clogged toilets, leaks, falling ceilings, replacing lock cylinders, fixing lights, and other issues that either the Defendants or tenants of 657 West 161st St. would demand that he

address.  The Defendants and the tenants would contact Mr. Armas by his cellular telephone or by knocking on his door.

100.    It is conservatively estimated that throughout his employment, Mr. Armas worked an average of 18 hours per day, seven days a week, with the exception of vacation periods.

101.    Mr. Armas received a fixed salary of $300.00 per week, plus fluctuating sums upon completion of various projects involving repair work to individual apartments.  In actuality, Mr. Armas' definite compensation was drastically reduced because he was required to pay, as a condition of his employment, out of his own salary, remuneration to porters, laborers, and other workers whose assistance was needed to complete an assigned task in the building, and for other expenses.

102.    By way of example, in or about March 2013, Defendants demanded that Mr. Armas fix the ceilings of four apartments in 657 West 161st Street.  After completing the task, which encompassed approximately 50 hours of work and required assistance of two laborers, Mr. Armas was paid $115.00. After deducting the amounts that Mr. Armas paid to the laborers, Mr. Armas actually lost money, and consequently, he received no compensation for his work

103.    Mr. Armas worked substantial amounts of overtime while employed by the Greisman Enterprise, but he was not paid time and a half his regular rate of pay for all hours worked in excess of forty hours in a workweek.

104.    Mr. Armas was required, as a condition of his employment, to pay from his personal funds, his tools, which included, among others, a paint compressor, nail guns, screw guns, circular saw, snake, grinder, and a tile cutter.

105.    Mr. Armas was required, as a condition of his employment, to pay for work-related transportation expenses, including transportation to and from a hardware store located in the Bronx.

106.    Mr. Armas was required, as a condition of his employment, to have a cellular phone, which he was required to keep on 24 hours a day, seven days per week, for which he was not fully reimbursed.

107.    In addition, throughout his employment for the Defendants, the Defendants would unlawfully deduct from Mr. Armas' wages various sums of money, including the amounts of penalties issued against the Defendants by New York agencies, such as the Environmental Control Board (ECB).

108.    Such penalties against Superintendents and unlawful deductions from pay were a practice and policy of the Defendants, who would issue verbal and/or written warnings to the Superintendents in their employ that the Superintendents would be financially penalized for various things that Defendants deemed to be infractions.

109.    Mr. Armas was unlawfully deprived of both minimum wage and overtime compensation to which he was entitled under the FLSA. Mr. Armas further had his wage unlawfully deducted from in violation of NYLL.

110.    As a condition of Mr. Armas' employment, he was required to reside in the Building.  However, he was not provided with a habitable space.  Instead, he and his family were placed by the Defendants in various spaces within the Building that were uninhabitable and dangerous.  Ultimately, he was required, as a condition of his employment, to reside in the Building's rat-infested basement.

111.    When Mr. Armas applied for workers' compensation benefits due to an on-the-job injury, his boss, Gary Gartenberg, willfully and routinely withheld Mr. Armas July 5, 2013 paycheck.

112. In a letter addressed to "Paulino Urguilla a/k/a Alex Alejandro" dated November 25, 2013 (the "11/25/13 Letter"), the Defendants terminated Mr. Armas' employment and threatened to withhold his wages. The 11/25/13 Letter was signed by Shimon Greisman.

113. Mr. Armas' employment was unlawfully terminated in retaliation for his complaints regarding the Defendants' failure to pay wages and after Mr. Armas complained about the decrepit conditions that he and his family endured in a rat-infested basement in which he was required to reside as Superintendent. The Defendants withheld, and the continue to withhold, Mr. Armas last paycheck, in willful violation of NYLL § 191.

114. The aforesaid treatment of Mr. Armas typifies the willfulness of Defendant's wage violations.

### (b) RUBEN MARTINEZ.

115. Mr. Martinez worked as the Superintendent of 657 West 161st Street from in or about May, 1979 until he was terminated from his employment in or about April, 2012.

116. Mr. Martinez' employment for the Greisman Enterprise commenced on or about February 20, 1992, when Defendant 161 Holding LTD assumed ownership and control of 657 West 161st St.

117. Mr. Martinez' routine responsibilities as Superintendent included, among other things, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, weekly recycling, weekly garbage, cleaning the elevator hold, showing vacant apartments, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, communicating with contractors, and allowing emergency responders,

including police, ambulance and fire personnel, into the building, at all hours of the night and day.

118.    Mr. Martinez was required to remain on call, at or near 657 West 161st Street, nearly 24 hours per day, seven days a week, including holidays, except for a two-week vacation that was arranged in advance per year, when a substitute superintendent would be on call. It is conservatively estimated that throughout his employment, Mr. Martinez worked an average of 18 hours per day, seven days a week, with the exception of vacation periods.

119.    Mr. Martinez was unlawfully deprived of both minimum wage and overtime compensation to which he was entitled under the FLSA.

120.    From May 30, 2011 until Mr. Martinez' employment was terminated on March 29, 2012, Mr. Martinez was paid $450.00 per week (gross), plus, on occasion, additional sums to perform more extensive repairs to individual apartments.  In actuality, Mr. Martinez' wages were drastically lowered because he was required to pay, from his own funds, payments to porters, laborers and other workers whose work and assistance was required.

121.    At various times, Mr. Martinez worked so many hours that his hourly rate of pay fell well below federal minimum wage.

122.    Mr. Martinez worked substantial amounts of overtime while employed by the Greisman Enterprise, but he was not paid time and a half his regular rate of pay for all hours worked in excess of forty hours in a workweek.

123.    Mr. Martinez was required to carry a cellular phone because he was required to constantly be available for telephone calls regarding emergency repairs and other issues relating to the Building.  Prior to the emergence of cellular phones, Mr. Martinez was required to carry a beeper so that he could be reached at all hours.

124.    The Defendants violated NYLL § 193 and 12 NYCRR § 142-2.10 by compelling Mr. Martinez, as a condition of continued employment, to spend his money on work-related expenses, which further reduced his wages below the required minimum wage:

      (a) Cellular telephone expenses, for which Mr. Martinez received only partial compensation;

      (b) Supply his own tools, including drill, electric snake; screwdriver; hammer; handsaw; pliers; and similar items;

      (c) Supply his own materials to make repairs in the buildings; and

      (d) Costs of Porters/helpers, whose assistance was required.

125.    The aforesaid treatment of Mr. Martinez is typical of the manner in which the Greisman Enterprise treats their Superintendents of each of the Greisman Enterprise Buildings.

126.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members have sustained damages, as described above, including loss of earnings for pay below minimum wage; hours of overtime worked on behalf of the Defendants; unpaid wages; and unlawful deductions; all in amounts to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b) and/or New York Labor laws, among other authorities.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
**FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.***
**(FLSA Class)**

127.     The Representative Plaintiffs, on behalf of themselves and the FLSA Class members, incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

128.     Defendants' failure to compensate the Representative Plaintiffs and other members of the FLSA class at the FLSA minimum wage rate of pay violates 29 U.S.C § 206.

129.     As a result of the foregoing, the Representative Plaintiffs demand judgment against Defendants on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

130.     Defendants' violations of the FLSA were willful, thus the three year statute of limitations of 29 U.S.C. § 255 applies.

### AS AND FOR A SECOND CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.*
### (FLSA Class)

131.     The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

132.     At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed members of the FLSA Class as Superintendents, employment positions which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

133.    The Representative Plaintiffs are informed and believe, and thereon allege, that Defendants have required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

134.    Indeed, in the performance of their duties for Defendants, members of the FLSA Class routinely worked over substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

135.    Representative Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

136.    Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

137.    As a result of the foregoing, the Representative Plaintiffs seeks judgment against Defendants on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to the Representative Plaintiff and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award

of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A THIRD CAUSE OF ACTION
### Illegal Deductions, New York Labor Law, Article 19 § 193
### 12 N.Y.C.R.R. § 2.10(a).
### (New York Class)

138.     The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

139.     In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from the Representative Plaintiffs, including *inter alia*, deductions by requiring Superintendents to spend their own money on work-related expenses, which further reduced his wages below the required minimum wage, including but not limited to, cellular telephone expenses, supplying their own tools and supplies to complete mandated work,  and requiring Representative Plaintiffs and those similarly situated to hire and pay from their own income porters to assist in performing extensive repairs to various apartments.

140.     In further violation, Defendants would unlawfully deduct sums of money from superintendent wages, including but not limited to, monetary penalties issued against the Defendants by state and city agencies. Such deductions where a practice and policy of the Defendants, who would issue verbal and/or written warnings to Superintendents that they would be financially penalized for infractions and penalties levied against the Defendants by state and city agencies.

141.     As a result of the foregoing, the Representative Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those New York Class Members similarly situated who file written consents to joinder in this action, for reimbursement of unlawful deductions, as well as liquidated damages, and interest, and such other legal and

equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Wage Statement Violations
### (New York Class)

142.    Plaintiffs, on behalf of themselves and the New York Class members, repeat and reallege each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

143.    Defendants willfully failed to provide Plaintiffs and the New York Class with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such information as required by NYLL § 195(3).

144.    Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500) dollars per employee, as provided for by the NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## RELIEF SOUGHT

**WHEREFORE,** the Plaintiffs, on behalf of themselves and the FLSA Class and the New York Class, respectfully request that the Court grant the following relief:

1.    Designation of this action as a collective action on behalf of the FLSA Class members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the FLSA Class Members.

32

2.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the New York Class members and appointing Plaintiffs and their counsel to represent the class;

3.      An order tolling the statute of limitations;

4.      That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the FLSA as to the Representative Plaintiffs, the FLSA Class and the New York Class;

5.      That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA as to the Representative Plaintiffs, the FLSA Class and the New York Class;

6.      That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

7.      That the Court declare, adjudge and decree that (a) the Representative Plaintiffs and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid (a) minimum wages, (b) overtime for work beyond 40 hours in a week; (c) remuneration for unlawful deductions and (d) that the amounts to which Representative Plaintiffs, the FLSA Class and the New York Class  are entitled is to be doubled as liquidated damages and awarded thereto;

8.      That the Court make an award to the Representative Plaintiffs, the FLSA Class and the New York Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

9.      That the Court make an award to the Representative Plaintiffs and the New York Class of reimbursement for all unlawful deductions;

10.     For all other Orders, findings and determinations identified and sought in this Complaint;

11.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

12.     For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

13.     Such other relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: August 8, 2014                         RAPAPORT LAW FIRM, PLLC

                                    By:  _____
                                         Marc A. Rapaport, Esq.
                                         Attorney for the Representative Plaintiffs
                                         and the Plaintiff Classes
                                         Rapaport Law, PLLC
                                         350 Fifth Avenue, Suite 4400
                                         New York, New York 10118
                                         Ph: (212) 382-1600


34

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Greisman Enterprises and its owners and managers, related companies, subsidiaries, directors, officers, and affiliates to pay me minimum wage for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

| | | Alejandro Dumas |
|---|---|---|
| Signature | 08/08/14 | Alejandro Dumas |
| Signature | Date | Printed Name |

## CONSENTIMIENTO PARA SER PARTE DEMANDANTE

Mediante mi firma a continuación, por medio de la presente autorizo la presentación y enjuiciamiento de reclamaciones en mi nombre y de mi parte para impugnar el fallo de las Empresas Greisman y sus propietarios y gerentes, empresas relacionadas, subsidiarias, directores, funcionarios y a los afiliados que me paguen el salario mínimo por todas las horas trabajadas y las primas por horas extraordinarias de trabajo en exceso de cuarenta horas por semana como es requerido bajo la ley estatal y/o federal. Autorizo a la presentación de este consentimiento en la acción (es) desafiando esa conducta. Autorizo a ser nombrado como el representante "Demandante nombrado" en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con el litigio, el método y la forma de llevar a cabo este litigio, la entrada de un acuerdo con los abogados del demandante en relación con los honorarios y costos de abogados, y todos los demás asuntos relativos a esta demanda y compromiso de actuar de acuerdo con los mejores intereses de la clase.

| | 08/08/14 | Alejandro Dumas |
|---|---|---|
| Firma | Fecha | Nombre impreso |

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Greisman Enterprises and its owners and managers, related companies, subsidiaries, directors, officers, and affiliates to pay me minimum wage for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

| | | |
|---|---|---|
| _Ruben J Varilena_ | _8-8-14_ | _Ruben Martinez_ |
| Signature | Date | Printed Name |


CONSENTIMIENTO PARA SER PARTE DEMANDANTE

Mediante mi firma a continuación, por medio de la presente autorizo la presentación y enjuiciamiento de reclamaciones en mi nombre y de mi parte para impugnar el fallo de las Empresas Greisman y sus propietarios y gerentes, empresas relacionadas, subsidiarias, directores, funcionarios y a los afiliados que me paguen el salario mínimo por todas las horas trabajadas y las primas por horas extraordinarias de trabajo en exceso de cuarenta horas por semana como es requerido bajo la ley estatal y/o federal. Autorizo a la presentación de este consentimiento en la acción (es) desafiando esa conducta. Autorizo a ser nombrado como el representante "Demandante nombrado" en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con el litigio, el método y la forma de llevar a cabo este litigio, la entrada de un acuerdo con los abogados del demandante en relación con los honorarios y costos de abogados, y todos los demás asuntos relativos a esta demanda y compromiso de actuar de acuerdo con los mejores intereses de la clase.

| | | |
|---|---|---|
| _Ruben Martil_ | _8-8-14_ | _Ruben Martinez_ |
| Firma | Fecha | Nombre impreso |

36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALEJANDRO ARMAS and RUBEN MARTINEZ
individually, and on behalf of all others
similarly situated,

                         Plaintiffs,

SKYC MANAGEMENT LLC a/k/a GREISMAN
MANAGEMENT and a/k/a B. GREISMAN
REALTY, 161 HOLDING LTD, SHIMON
GREISMAN. and GARY GARTENBERG, POST
LLC; ABBY ASSOCIATES; 2275 HOLDING LTD;
22 HOLDING CORP.; CHAMA HOLDING CORP.;
346 HOLDING CORP.; STEB REALTY CORP.; 674
HOLDING LTD; 666 HOLDING LLC; 116 WEST
CORP.; DBPB HOLDING CORP.; HELBOR
REALTY CORP.; BRAGREIS REALTY CORP.;
S&S GROUP HOLDINGS, LLC; BRONX RIVER
ASSOC. LLC; WALTON AVENUE REALTY
ASSOC LLC; TOWNSEND AVENUE REALTY
LLC; 1820 HOLDING LTD.; HENNESSY REALTY
LLC; GLEASON LLC; 2246 HOLDING CORP.;
2188 REALTY LTD; 2195 GRAND CONCOURSE
REALTY LLC; 2472 WEBSTER REALTY LLC;
2281-85 REALTY LLC; 2395-97 REALTY LLC;
UNIVERSITY REALTY HOLDINGS LLC; 2522
REALTY LLC; AND HEIGHTS REALTY CO. LLC.

                         Defendants.

-----------------------------------------------------------------X

Case No.:

**CLASS/COLLECTIVE
ACTION COMPLAINT**

## DECLARATION OF TRANSLATION

      CHRISTINE G. ORTIZ hereby declares, pursuant to 28 U.S.C. § 1746, that the following facts are truthful:

1. I have personal knowledge of the facts set forth herein.

2. I fluently read, write, and speak English and Spanish.

3. I provided Alejandro Armas with a true and accurate oral Spanish translation of the English language document entitled "Class/Collective Action Complaint," executed by Mr. Armas on August 8, 2014.

37

I declare under penalty of perjury that the foregoing is true and correct.

_____
Christine G. Ortiz

Dated: New York, New York
       August 8, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ALEJANDRO ARMAS and RUBEN MARTINEZ
individually, and on behalf of all others
similarly situated,

                       Plaintiffs,

SKYC MANAGEMENT LLC a/k/a GREISMAN
MANAGEMENT and a/k/a B. GREISMAN
REALTY, 161 HOLDING LTD, SHIMON
GREISMAN, and GARY GARTENBERG, POST
LLC; ABBY ASSOCIATES; 2275 HOLDING LTD;
22 HOLDING CORP.; CHAMA HOLDING CORP.;
346 HOLDING CORP.; STEB REALTY CORP.; 674
HOLDING LTD; 666 HOLDING LLC; 116 WEST
CORP.; DBPB HOLDING CORP.; HELBOR
REALTY CORP.; BRAGREIS REALTY CORP.;
S&S GROUP HOLDINGS, LLC; BRONX RIVER
ASSOC. LLC; WALTON AVENUE REALTY
ASSOC LLC; TOWNSEND AVENUE REALTY
LLC; 1820 HOLDING LTD.; HENNESSY REALTY
LLC; GLEASON LLC; 2246 HOLDING CORP.;
2188 REALTY LTD; 2195 GRAND CONCOURSE
REALTY LLC; 2472 WEBSTER REALTY LLC;
2281-85 REALTY LLC; 2395-97 REALTY LLC;
UNIVERSITY REALTY HOLDINGS LLC; 2522
REALTY LLC; AND HEIGHTS REALTY CO. LLC.

                       Defendants.

--------------------------------------------------------------X

Case No.:

**CLASS/COLLECTIVE
ACTION COMPLAINT**

## DECLARATION OF TRANSLATION

    CHRISTINE G. ORTIZ hereby declares, pursuant to 28 U.S.C. § 1746, that the

following facts are truthful:

1. I have personal knowledge of the facts set forth herein.

2. I fluently read, write, and speak English and Spanish.

3. I provided Ruben Martinez with a true and accurate oral Spanish translation of the

    English language document entitled "Class/Collective Action Complaint," executed

    by Mr. Martinez on August 8, 2014.

I declare under penalty of perjury that the foregoing is true and correct.


Christine G. Ortiz

Dated: New York, New York
       August 8, 2014

## SCHEDULE A

## GREISMAN ENTERPRISE

All information is based on the NYC Department of Housing Preservation & Development online resource, HPDOnline, for building-specific information.

| Address of Building | Entity that Holds Title & Address of Entity | Managing Agent | CEO/Head Officer of Owning CORP | Principal of Managing Agent |
|---|---|---|---|---|
| 71 Post Ave. | POST LLC 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 157 W. 228th St. | ABBY ASSOCIATES 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 163 East 178th St. | 2275 HOLDING LTD 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 321 Edgecombe Ave | 22 HOLDING CORP 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 381 Edgecombe Ave | CHAMA HOLDING CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 385 Edgecombe Ave | CHAMA HOLDING CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 393 Edgecombe Ave | CHAMA HOLDING CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 346 East 9th Ave | 346 HOLDING CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 544-50 Academy St. | STEB REALTY CORP 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 601 W. 192nd St. | No registration info for this site | | | |
| 657 W. 161st St. | 161 HOLDING LTD 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 667 W. 161st St. | 161 HOLDING LTD 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 671 W. 162nd St. | 161 HOLDING LTD 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 674 W. 161st St. | 674 HOLDING LTD 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |

| Address of Building | Entity that Holds Title & Address of Entity | Managing Agent | CEO/Head Officer of Owning CORP | Principal of Managing Agent |
|---|---|---|---|---|
| 666 East 224th St. | 666 HOLDING LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 901 East 217th St. | 116 WEST CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 912 Kelly St. | 912 KELLY ST. LLC 254 EAST 125 St | 912 KELLY ST. LLC | BELFIORE FELICE | BELFIORE FELICE |
| 955 Walton Ave. | DBPB HOLDING CORP 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1153-55 Grand Concrs. | HELBOR REALTY CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1174 Sheridan Ave. | DBPB HOLDING CORP 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1204 Shakespeare Ave. | BRAGREIS REALTY CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1214 Shakespeare Ave. | ABBY ASSOCIATES CORP 1419 60th St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1364 Bronx River Ave. | S&S GROUP HOLDINGS LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1374 Bronx River Ave. | BRONX RIVER ASSOC LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1405 Walton Ave. | WALTON AVENUE REALTY ASSOC LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1406 Townsend Ave. | TOWNSEND AVENUE REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1551 Sheridan Ave. | STEB REALTY CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1820 Morris Ave. | 1820 HOLDING LTD 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 1900 Hennessy Place | HENNESSY REALTY LLC 1419 60TH St | SKYC MANAGEMENT | Not listed | GREISMAN SHIMON |

| Address of Building | Entity that Holds Title & Address of Entity | Managing Agent | CEO/Head Officer of Owning CORP | Principal of Managing Agent |
|---|---|---|---|---|
| 2003-5-9 Gleason Ave. | GLEASON LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2005 Grand Ave. | 2246 HOLDING CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2188 Creston Ave. | 2188 REALTY LTD 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2195 Grand Concrs. | 2195 GRAND CONCOURSE REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2246 Grand Concrs. | 2246 HOLDING CORP 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2427 Webster | 2472 WEBSTER REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2281-85 University Ave. | 2281-85 REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2395 Grand Ave. | 2395-97 REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2397 Grand Ave. | 2395-97 REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2332-36 University Ave. | UNIVERSITY REALTY HOLIDNGS LLC 1419 60TH St | SKYC MANAGEMENT | Simcha Applegrad | GREISMAN SHIMON |
| 2522 University Ave. | 2522 REALTY LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 2815 Grand Concrs. | HEIGHTS REALTY CO.LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |
| 3604 Olinville Ave. | HEIGHTS REALTY CO.LLC 1419 60TH St | SKYC MANAGEMENT | GREISMAN SHIMON | GREISMAN SHIMON |